IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDRE CARPIAUX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF EMERYVILLE, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 06-3493 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

　　Defendants City of Emeryville, Emeryville Police Department, Chief of Police Ken James of the Emeryville Police Department, Captain Neal of the Emeryville Police Department, City Attorney Michael Guina and Nancy Templeton again move to dismiss this action. Alternatively, they request a more definite statement. The Court construes pro se Plaintiff Andre Carpiaux's "Tornado Devastation and Destruction of Scaffolding Property Lien" as an opposition to Defendants' motion to dismiss. The matter was submitted on the papers. Having considered the parties' papers, the Court grants in part Defendants' motion and denies it in part.

## BACKGROUND

On December 27, 2006, the Court granted in part Defendants' motion to dismiss Plaintiff's first amended complaint and denied it in part. Specifically, the Court dismissed without prejudice Plaintiff's first cause of action against Defendants Guina, Templeton and James, but did not dismiss his first cause of action against Defendant Neal. Plaintiff's fifth cause of action for an injunction was dismissed with prejudice. Plaintiff's second, third and fourth causes of action met the bare minimum requirements of the Federal Rules of Civil Procedure and were not dismissed. Plaintiff was instructed that, if he chose to file a second amended complaint remedying the deficiencies noted in the order, his second amended complaint must list, under each cause of action, the defendants against whom that cause of action is brought.

On January 11, 2007, Plaintiff filed his second amended complaint. Unlike his first amended complaint, this two-page complaint includes hardly any facts. The only facts alleged are as follows:

> Although the Defendant City of Emeryville claim [sic] that the warrant was issued well before the 24 hrs lawful requirement The City was careful in maneuvering its timing as to render the 24 hrs requirement to be a practical joke because if I would not have come home accidently in early afternoon I would have never had knowledge there was "WARRANT" taped and glued on my fence . . .
>
> Defendants have chased and traumatized me for over 20 years . . . . Invasion of my Home -- under the color of law, defendant deprived me of my right and subjected me of [sic] duress.

Second Amended Complaint, p. 1.

The complaint identifies no defendant against whom any cause of action is brought. The caption of the complaint lists "City of EMERYVILLE et al." as the "Defendant."[1] Defendants Emeryville Police Department, Chief of Police Ken James, Captain Neal, City Attorney Michael Guina and Nancy Templeton do not appear anywhere in the second amended complaint.

The second amended complaint provides: "Repetition of the three causes the Court already accepted is done as literal sections of Plaintiff's First Amended Complaint." Second Amended Complaint, p. 2. It also includes two new causes of action: (1) Invasion of privacy and consequent distress and (2) "Civil right suppression by outrageous means" under section 1983. Id. Plaintiff did not seek leave to file these two new claims, nor was leave granted in the Court's December 27, 2006 order.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff need not set out in detail the facts upon which he or she bases her claim; however, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

Although pro se pleadings are to be liberally construed, they

---

[1] Plaintiff's opposition and all papers he has filed since then list only Nora Davis, Ruth Atkin, Richard Kassis and Ken Bukowsky as Defendants.

3

must allege facts sufficient to enable a reviewing court to conclude that a claim exists; vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. <u>Ivey v. Board of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). As the Supreme Court recently explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1964-65 (inner citations and alteration omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965. All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, <u>id.</u>, and are construed in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

Defendants move to dismiss Plaintiff's second amended complaint with prejudice. They argue that the second amended complaint does not remedy the deficiencies the Court noted in its December 27, 2006 order. Rather, as Defendants note, contrary to this Court's order, Plaintiff does not list, under each cause of action, the defendants against whom the cause of action is brought. Further, he seeks to add two new causes of action, going beyond the scope of the Court's order allowing him to amend the deficiencies

4

United States District Court
For the Northern District of California

in his first amended complaint, without leave of the Court and without providing sufficient factual allegations to support these causes of action. Finally, Plaintiff does not identify which three causes of action from his first amended complaint he wishes to continue to assert.

Local Civil Rule 10-1 provides, "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." As the Ninth Circuit explains, "It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent. Once amended, the original no longer performs any function as a pleading and cannot be utilized to aid a defective amendment." Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956) (citation omitted).

The minimal facts Plaintiff provides in his second amended complaint are not sufficient to support any cause of action, including those that the Court previously found met the bare minimum requirements of the Federal Rules of Civil Procedure. Nonetheless, Plaintiff is appearing pro se. He likely is not aware that he cannot incorporate a prior pleading by reference. In the interest of justice and judicial efficiency, the Court will not make Plaintiff replead the causes of action that the Court has already found were sufficient. It will not dismiss Plaintiff's first cause of action against Defendant Neal and his second, third and fourth causes of action.

The Court, however, will dismiss with prejudice Plaintiff's first cause of action against Defendants Guina, Templeton and

James. Plaintiff was given an opportunity to amend his complaint to fix the deficiencies that the Court noted in its December 27, 2006 order. He did not. Instead, he brought two additional claims that he did not have permission to file. Those two claims are dismissed without prejudice. If Plaintiff seeks to bring those two claims or another claim that did not appear in his first amended complaint, he must notice, file and serve a motion seeking leave to do so. Any motion for leave to amend his complaint must be accompanied by the proposed amended complaint. See Fed. R. Civ. P. 15(a).[2] The proposed amended complaint must re-state in full all prior causes of action that have been found cognizable and that Plaintiff wishes to pursue, along with the proposed new causes of action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket No. 38) is GRANTED IN PART and DENIED IN PART. Plaintiff's first cause of action in his first amended complaint, a section 1983 claim, brought against Defendants James, Guina and Templeton is DISMISSED WITH PREJUDICE. Plaintiff's "invasion of privacy and consequent distress" and "civil right suppression by outrageous means" causes of action are DISMISSED WITHOUT PREJUDICE to

---

[2] The Court notes that Nora Davis, Ruth Atkin, Richard Kassis and Ken Bukowsky are not Defendants in this action. The deadline to add additional parties was January 24, 2007. If Plaintiff wishes to bring causes of action against Nora Davis, Ruth Atkin, Richard Kassis and Ken Bukowsky, he must notice, file and serve a motion seeking leave to do so.

6

Plaintiff seeking leave to amend his complaint.[3]

This case will proceed with the claims that Plaintiff sufficiently plead in his first amended complaint: his first cause of action against Defendant Neal and his second, third and fourth causes of action. To expedite the resolution of this case, the Court orders as follows:

1. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, Defendants shall file a motion for summary judgment or other dispositive motion on August 23, 2007 and notice it for hearing on September 27, 2007. The Court may vacate the hearing and decide on the motion on the papers, due to Plaintiff's hearing disability. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

---

[3] On March 2, 2007, Plaintiff requested an extension of time to respond to Defendants' motion to dismiss. The Court granted Plaintiff's request; his opposition was due on May 4, 2007. On May 10, 2007, Plaintiff filed another request for an extension of time, stating that he had computer problems and that he needed several additional days to retype his opposition. On May 15, 2007, Plaintiff filed "Tornado Devastation and Destruction of Scaffolding Property Lien," which the Court construes as Plaintiff's opposition. In the interest of justice, the Court GRANTS Plaintiff's Motion Requesting Extension of Time (Docket No. 49) and will not strike "Tornado Devastation and Destruction of Scaffolding Property Lien," as Defendants request.

Defendants' request for judicial notice (Docket No. 41) is also GRANTED. But Plaintiff's "Motion for Ruling for a Third Cause of Action" (Docket No. 54) is DENIED: it is not clear what relief he is seeking.

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than September 6, 2007. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). The Court Deputy has provided Plaintiff with the Court's Order Providing Notice to Pro Se Plaintiff of Requirements for Opposing Motion for Summary Judgment. Plaintiff is advised to read that order.

In addition, the Court provides Plaintiff with the following notice that the Ninth Circuit instructs should be provided in pro se prisoner cases:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998)(en banc).

3.   If Defendants wish to file a reply brief, they shall do so no later than September 13, 2007.

4.   It is Plaintiff's responsibility to prosecute this case. Plaintiff comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

Dated: 6/29/07

_____
CLAUDIA WILKEN
United States District Judge

9

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANDRE CARPIAUX,

        Plaintiff,

v.

CITY OF EMERYVILLE et al,

        Defendant.

Case Number: CV06-03493 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 29, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andre Carpiaux
1264 Ocean Avenue
Emeryville, CA 94608

Dale L. Allen
Joshua Mark Bryan
Low, Ball & Lynch
505 Montgomery Street, 7th Flr
San Francisco, CA 94111

Dated: June 29, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk